UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,                    Civil Case No. 14-11764
                                                      Honorable Linda V. Parker

v.

AIRCRAFT, PIPER CHEYENNE
PA-421000, BEARING TAIL
NUMBER N3SP, SERIAL NUMBER
42-5527018, INCLUDING ALL SETS
OF KEYS, FLIGHT LOGS AND
MAITENANCE LOGS,

                Defendant

CHASE AIR, INC.

                Claimant.

_____/

## OPINION AND ORDER DENYING  PLAINTIFF'S MOTION TO STRIKE AND REQUEST FOR ENTRY OF JUDGMENT AND FINAL ORDER OF FORFEITURE [ECF NO. 16]

This is an in rem civil forfeiture action. The United States ("Government" or "Plaintiff"), brought this action against Defendant Piper Cheyenne PA-42-1000 aircraft, bearing tail number N3SP, with serial number 42-5527018 ("Piper Cheyenne Aircraft" or "the aircraft"), which it seized pursuant to 49 U.S.C. § 46306 for purported aircraft registration violations. Thereafter, Claimant Chase Air

Inc. ("Chase Air Inc.") filed a claim challenging the forfeiture. (ECF No. 22.) Subsequently, the government filed its motion to strike. (ECF No. 16.)

This matter is before the Court on the government's motion to strike Chase Air Inc.'s claim, and request for Entry of Judgment and Final Order of Forfeiture. (ECF No. 16.) The Court finds that the issues have been adequately presented in the parties' briefs and that oral argument would not significantly aid in the decisional process. *See* E.D. Mich. Local Rule 7.1(f)(1). For the reasons set forth below, the government's motion to strike is **DENIED** and its request for Entry of Judgment and Final Order of Forfeiture is also **DENIED**.

## I.

Department of Homeland Security – Homeland Security Investigations ("HSI") began investigating the case at hand on May 31, 2013, when HSI received information that Piper Cheyenne Aircraft was in the process of being sold to an unknown subject in Mexico. (Pl.'s Mot., ECF No. 16 at Pg. ID 78.) Piper Cheyenne Aircraft was sold to A&E Leasing, LLC ("A&E") on March 2, 2012, evidenced by a Bill of Sale executed on that date. (Bill of Sale 1, ECF No. 16-1 at Pg. ID 91.) Charles Chase brokered the sale for A&E. (Pl.'s Mot., ECF No. 16 at Pg. ID 77.) Thereafter, on May 17, 2013, an Offer to Purchase Piper Cheyenne Aircraft was executed between A&E and Chase Air Inc. for $1.2 million dollars.

(Offer to Purchase 1, ECF No. 16-7 at Pg. ID 99.)  In the Offer to Purchase, A&E is listed as the seller, and Chase Air Inc. is listed as the buyer. (*Id.*)

Subsequently, on the same day, May 17, 2013, another Offer to Purchase the aircraft was completed between Chase Air Inc. and Comercalizadora Rami, S.A. de C.V. ("Rami") for $1.3 million dollars. (Offer to Purchase 2, ECF No. 16-8 at Pg. ID 101.) Chase Air Inc. is listed as the seller and Rami is listed as the buyer. (*Id.*) Jetstream Escrow & Title Service, Inc. ("Jetstream") is the firm that facilitated the sale. (Pl.'s Mot., ECF No. 16 at Pg. ID 78.) From May 20, 2013 through May 24, 2013, a total of $1.3 million was deposited into escrow for purchase of Piper Cheyenne Aircraft by means of five wire transfers on behalf of Rami. (Comp1., ECF No. 1 at Pg. ID 9; Pl.'s Mot., ECF No. 16 at Pg. ID 78.) The five deposits were not made by Rami; rather, they were made by an entirely different entity, Cronoss Servicios Estrategicos De Negocios SA DE ("Cronoss"). (*Id.*)

On May 29, 2013, Charles Chase sought to register Piper Cheyenne aircraft in the name of Carlos Leasing, LLC ("Carlos Leasing"), even though an Offer to Purchase had been completed between Chase Air Inc. and Rami on May 17, 2013, and money was placed in escrow on behalf of Rami. (Compl., ECF No. 1 at Pg. ID 10.) Consequently, Jetstream advised Chase that the aircraft could not be registered to Carlos Leasing, because at least two-thirds of the managers, officers or

managing members were not United States citizens as required by Federal Aviation Administration ("FAA") regulations. (*Id.* at Pg. ID 11.)

On May 31, 2013, a document titled "Aircraft Technical Acceptance" was signed by a legal representative of Rami authorizing the release of the funds held in escrow by Jetstream to Chase Air Inc. (Aircraft Technical Acceptance, ECF No. 16-12 at Pg. ID 119.), and was submitted to Jetstream on that same day. Jetstream notified the parties that the funds held in escrow could not be released by anyone other than Cronoss, the depositing party. (Jetstream Email, ECF No. 16-13 at Pg. ID 120.)

Thereafter, on June 5, 2013, Jetstream received correspondence from Cronoss, advising Jetstream to register the aircraft in the name of C&R enterprises. (Cronoss Letter, ECF No. 16-16 at Pg. ID 123.) On that same day, June 5, 2013, A&E sold Piper Cheyenne Aircraft to Chase Air, Inc. (Bill of Sale 2, ECF No. 16-4 at Pg. ID 121.) The sale is evidenced by a signed Bill of Sale form, recording A&E's sale of the aircraft to Chase Air Inc. (*Id.*) Also on June 5, 2013, Chase Air Inc. sold Piper Cheyenne Aircraft to C&R Enterprises ("C&R"). (Bill of Sale 3, ECF No. 16-5 at Pg. ID 122.) The sale of the aircraft was again evidenced by another signed Bill of Sale. (*Id.*) Cronoss' letter did not include any identifying details about C&R, and thus, Jetstream requested additional information. (Pl.'s Mot., ECF No. 16 at Pg. ID 82.) Consequently, Charles Chase provided Jetstream

4

C&R's address and the contact information of its CEO, Carmen Villaurritia

("Villaurritia"). (Charles Chase Email to Jetstream, ECF No. 16-17 at Pg. ID 82.)

Thereafter, a representative from Jetstream contacted Villaurritia who informed

Jetstream that C&R had no relationship with the sale and had not authorized any

person to register an aircraft in the name of C&R enterprises. (Pl.'s Mot., ECF No.

16 at Pg. ID 82; Jetstream Email, ECF No. 16-8 at Pg. ID 125.) Subsequently,

Villaurritia and Chase Air Inc. each filed Set Aside Statements with the FAA, in

which they asserted that C&R was listed as the purchaser on the June 5, 2013 Bill

of Sale by mistake, and each party filed a Set Aside Statement with the FAA

indicating that C&R disclaimed any right, title or interest in the aircraft. (C&R Set

Aside Statement, ECF No. 16-19 at Pg. ID 126; Chase Air Inc. Set Aside

Statement, ECF No. 16-20 at Pg. ID 127.)

On August 16, 2013, Chase Air Inc. was incorporated. (*See* Certificate of

Incorporation, ECF No. 16-22 at Pg. ID 129.) Thereafter, Chase Air Inc. filed its

registration application with the FAA and a Certificate of Registration was issued

on August 23, 2013. (FAA Registry ECF No. 17-1 at Pg. ID 147.)

Plaintiff asserts that Piper Cheyenne Aircraft operated when it was not

lawfully registered, in violation of 49 U.S.C. § 4603(d), and that accordingly,

forfeiture is warranted. (Compl., ECF No. 1 at Pg. ID 16.) Forfeiture of the aircraft

occurred on May 5, 2014. (ECF No. 2.) On June 23, 2014, Chase Air Inc. filed its

claim challenging the forfeiture (ECF No. 6.), after which, Plaintiff filed its motion
to strike and request for Entry of Judgment and Final Order of Forfeiture. (ECF No.
16.) Afterwards, claimant Chase Air Inc. filed its motion for summary judgment.
(ECF No. 22.)

## II.

The Civil Asset Forfeiture Reform Act of 2000 ("CAFRA") governs this
action. CAFRA provides, in part, that "any person claiming an interest in the
seized property may file a claim asserting such person's interest in the property in
the manner set forth in the Supplemental Rules for Admiralty and Maritime Claims
and Asset Forfeiture Actions" ("Supplemental Rules"). 18 U.S.C. § 983(a)(4)(A).
To contest a government forfeiture action, a claimant must have both statutory
standing in accord with CAFRA, and the Article III standing required for any
action brought in federal court. *United States v. $515,060.42,* 152 F.3d 491, 497
(6th Cir.1998) (citing *United States v. $267,961.07,* 916 F.2d 1104, 1107 (6th
Cir.1990)).

Statutory standing is established through strict compliance with
Supplemental Rules G(5) and G(6). *United States v. One 2001 Cadillac Deville
Sedan,* 335 F.Supp.2d 769, 772 (E.D.Mich.2004). With respect to Article III
standing, a claimant must demonstrate "a legally cognizable interest in the
defendant property." *Id.* (quoting *United States v. $267,961.07,* 916 F.2d at 1108).

6

Failure to satisfy both the Article III and statutory standing requirements precludes a claimant from contesting a government forfeiture action. *Id.*

Supplemental Rule G(5) (formerly Supplemental Rule C(5)) provides, in part:

> A person who asserts an interest in the defendant property may contest the forfeiture by filing a claim in the court where the action is pending. The claim must:
> (A)   Identify the specific property claimed;
> (B)   Identify the claimant and state the claimant's interest in the property;
> (C)   Be signed by the claimant under penalty of perjury; and
> (D)   Be served on the government attorney designated under Rule G(4)(a)(ii)(C) or (b)(ii)(D).

Fed. R. Civ. P. Supp. R. G(5)(a)(i).

A claim "need not be made in any particular form," 19 U.S.C. § 983(a)(2)(D), but it must be "made under oath, subject to penalty of perjury." 18 U.S.C. § 983(a)(2)(C)(iii). At any time before the trial, the Government may move to strike a claim or answer for failing to comply with Rule G(5) or G(6), or because the claimant lacks standing to challenge the forfeiture. Fed. R. Civ. P. Supp. R. G(8)(c).

## III.

The government asserts that Chase Air Inc.'s claim should be stricken because it lacks Article III standing. (Pl.'s Mot., ECF No. 16 at Pg. ID 86.) The basis for the government's contention is that "[Chase Air Inc.] has not shown, and

cannot show, that it has Article III standing because Chase [Air Inc.] has never been the owner of [Piper Cheyenne Aircraft]." (*Id.* at Pg. ID 87.)

In its responsive brief, Chase Air Inc. rejects this assertion, arguing: (1) A&E had title to the Aircraft on June 5, 2013; (2) on June 5, 2013 a Bill of Sale was completed between A&E and Chase Air Inc. in which A&E was the seller and Chase Air Inc. was the purchaser; and (3) accordingly, Chase Air Inc. obtained ownership to the aircraft on June 5, 2013. (Def.'s Resp. Br., ECF No. 17 at Pg. ID 142.)

Chase Air Inc. also argues: (1) immediately after the Bill of Sale was completed between the parties, Chase Air Inc. filed its registration application with the FAA; (2) the Certificate of Registration was issued on August 23, 2013; and (3) the Certificate of Registration lists Chase Air Inc. as the owner of the aircraft. (*Id.* at Pg. ID 133, 143; FAA Registry ECF No. 17-1 at Pg. ID 147.)

In reply to Chase Air Inc.'s response, the government asserts that A&E and Chase Air Inc. received payment for sale of the aircraft to Rami, and thus, neither entity owns the aircraft. (Pl.'s Reply Br., ECF No. 19 at Pg. ID 152–53.)

## IV.

### A. Ownership Timeline Demonstrates Chase Air Inc.'s Ownership

The government has failed to demonstrate to the Court that Chase Air Inc. lacks ownership in Piper Cheyenne Aircraft. The government asserts that the

multiple transfers of ownership that occurred in the instant action are highly unusual, and akin to the conduct of drug traffickers seeking to purchase an aircraft for drug activity and avoid detection. (Pl.'s Mot., ECF No. 16 at Pg. ID 78–79.) While this activity may be suspect, it is not dispositive as to whether claimant has Article III standing.

Having reviewed the record, the timeline of ownership transfers shows that Chase Air Inc. owns Piper Cheyenne Aircraft.

On March 2, 2012, A&E purchased the aircraft from SMS aviation, as evidenced by the Bill of Sale. (Bill of Sale 1, ECF No. 16-1 at Pg. ID 91.)

On May 17, 2013, Chase Air Inc. executed an Offer to Purchase the aircraft from A&E. (Offer to Purchase 1, ECF No. 16-7 at Pg. ID 99–100.) Also on May 17, 2013, Rami executed an Offer to Purchase the Aircraft from Chase Air Inc. (Offer to Purchase 2, ECF No. 16-8 at Pg. ID 101–02.) Offers to Purchase are not evidence that a sale has occurred. Offers to purchase simply lay out the conditions that must be met in order for ownership to be acquired. A Bill of Sale is the document that demonstrates that ownership has been acquired by the purchaser. The government has not produced a Bill of Sale following the Offer to Purchase executed between A&E and Chase Air Inc., nor has the government produced a Bill of Sale following the Offer to Purchase executed between Chase Air Inc. and Rami. Accordingly, despite the fact that two Offers to Purchase were completed on

May 17, 2013, ownership of the aircraft remained in the possession of A&E, given that the March 2, 2012 Bill of Sale was the only Bill of Sale in existence on May 17, 2013.

On June 5, 2013, A&E sold Piper Cheyenne Aircraft to Chase Air Inc., as evidenced by the Bill of Sale executed on that date. (Bill of Sale 2, ECF No. 16-14 at Pg. ID 121.) On that same day, a Bill of Sale was executed between Chase Air Inc. and C&R, in which C&R was listed as the purchaser. (Bill of Sale 3, ECF No. 16-15 at Pg. ID 122.) However, as previously stated, Chase Air Inc. and C&R each filed a Set Aside Statement with the FAA, indicating that C&R disclaimed any right, title, or interest in the aircraft." (C&R Set Aside Statement, ECF No. 16-19 at Pg. ID 126; Chase Air Inc. Set Aside Statement, ECF No. 16-20 at Pg. ID 127.) Consequently, ownership of Piper Cheyenne Aircraft has remained in the possession of Chase Air Inc. as of June 5, 2013.

Forfeiture occurred on May 5, 2015. (ECF No. 2.) The government has not produced documentation demonstrating that ownership of the aircraft had shifted away from Chase Air Inc., between August 23, 2013 and May 5, 2015. Thus, the government's assertion that "Chase [Air Inc.] has not shown, and cannot show, that it has Article III standing because Chase [Air Inc.] has never been the owner of [Piper Cheyenne Aircraft] (Def.'s Mot., ECF 16 at Pg. ID 87) fails given that the

10

timeline demonstrates that Chase Air Inc. owned the aircraft at the time of forfeiture.

## B. Purported Sale to Rami does not Demonstrate Lack of Ownership

The government's assertion that Chase Air Inc.'s lack of ownership is demonstrated by the fact that A&E and Chase Air Inc. received payment for the "sale" of Piper Cheyenne aircraft to Rami fails as well. The government provides no Bill of Sale demonstrating that sale of the aircraft to Rami actually occurred. All that is provided in the government's exhibits is an Offer to Purchase, laying out the terms that must be met in order for Rami to purchase the aircraft from Chase Air Inc. Further, the government's complaint and motion both state that when a legal representative for Rami signed and filed an Aircraft Technical Acceptance form in efforts to authorize the release of funds held in escrow by Jetstream to Chase Air Inc., Jetstream notified the parties via email that the funds held in escrow could not be released by anyone other than Cronoss, the depositing party. (Jetstream Email, ECF No. 16-13 at Pg. ID 120; Compl., ECF No. 1 at Pg. ID 12; Pl.'s Mot., ECF No. 16 at Pg. ID No. 81.) Thus, it is unclear to the Court why the government is now asserting that Chase Air Inc. received payment.

## C. Chase Air Inc.'s Date of Incorporation Argument

In a footnote on the last page of its reply brief, the government briefly states that "[t]he Court need not resolve the factual dispute as to when or if Charles

Chase became a member of A&E Leasing Company before June 5, 2013 … since Chase Air Inc. did not even exist until its incorporation on August 16, 2013." (Pl.'s Reply Br., ECF No. 19 at Pg. ID 153.) To the extent the Court is able to understand the government's assertion, the government, without more, appears to allude to the fact that the date of Chase Air Inc.'s incorporation may be problematic to Chase Air Inc.'s purported claim of ownership of the aircraft. The government does not provide support for this assertion, nor does it address whether Chase Air Inc. was properly acting as a de facto corporation. "Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are [ ] deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to ... put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997) (quoting *Citizens Awareness Network, Inc. v. United States Nuclear Regulatory Comm'n*, 59 F.3d 284, 293–94 (1st Cir. 1995)) (further citations omitted). Further, "issues [are] to be waived when they are raised for the first time in…replies to responses." *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008). Accordingly, the government's argument pertaining to Chase Air Inc.'s date of incorporation is waived.

For the foregoing reasons, the government has failed to show that Chase Air Inc. lacks Article III standing. Accordingly, the government's motion to strike is

**DENIED** and the government's request for Entry of Judgment and Final Order of

Forfeiture is also **DENIED**.

      **SO ORDERED**.

                    s/ Linda V. Parker
                    LINDA V. PARKER
                    U.S. DISTRICT JUDGE

Dated: September 1, 2015

I hereby certify that a copy of the foregoing document was mailed to counsel of
record and/or pro se parties on this date, September 1, 2015, by electronic and/or
U.S. First Class mail.

                    s/ Richard Loury
                    Case Manager