UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                      Civil Case No. 14-11764
                                               Honorable Linda V. Parker

v.

AIRCRAFT, PIPER CHEYENNE
PA-421000, BEARING TAIL
NUMBER N3SP, SERIAL NUMBER
42-5527018, INCLUDING ALL SETS
OF KEYS, FLIGHT LOGS AND
MAITENANCE LOGS,

       Defendant

CHASE AIR, INC.

       Claimant.
_____/

**OPINION AND ORDER DENYING CHASE AIR INC.'S MOTION FOR SUMMARY JUDGMENT [ECF NO. 22]**

This Court previously issued an Opinion and Order Denying the Government's Motion to Strike (ECF No. 16), regarding the same facts and legal claims at issue in this motion for summary judgment currently before the Court, brought by Claimant Chase Air Inc. ("Claimant") against the Government pursuant to Federal Rule of Civil Procedure 56. (ECF No. 22.) The Court will not reiterate the information set forth in that opinion, except as necessary to resolve the

1

summary judgment motion. For reasons to follow, the Court **DENIES** Claimant's motion for summary judgment.

## I.

Summary judgment pursuant to Federal Rule of Civil Procedure 56 is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). After adequate time for discovery and upon motion, Rule 56 mandates summary judgment against a party who fails to establish the existence of an element essential to that party's case and on which that party bears the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The movant has the initial burden of showing "the absence of a genuine issue of material fact." *Id*. at 323. Once the movant meets this burden, the "nonmoving party must come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotation marks and citation omitted). To demonstrate a genuine issue, the nonmoving party must present sufficient evidence

upon which a jury could reasonably find for that party; a "scintilla of evidence" is insufficient. *See Liberty Lobby*, 477 U.S. at 252.

"A party asserting that a fact cannot be or is genuinely disputed" must designate specifically the materials in the record supporting the assertion, "including depositions, documents, electronically stored information, affidavits or declarations, stipulations, admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1). The court must accept as true the non-movant's evidence and draw "all justifiable inferences" in the non-movant's favor. *See Liberty Lobby*, 477 U.S. at 255.

## II.

For purposes of the instant motion and responsive brief, both Claimant and the Government incorporate by reference their briefings pertaining to the Government's motion to strike. (Claimant's Mot., ECF No. 22 at Pg. ID 166; Govt.'s Resp. Br., ECF No. 23 at Pg. ID 175.) Claimant asserts that there is no "genuine dispute as to any material fact, which would enable [the] Government to lawfully seize and/or forfeit [the aircraft] from the [aircraft's] rightful and lawful owner, Chase Air Inc." (Claimant, ECF No. 22 at Pg. ID 165.) Regarding the Government's assertion – that since Charles Chase had submitted documents to the Federal Aviation Administration (FAA) containing materially false statements, Claimant does not properly own the aircraft and forfeiture of the aircraft was

3

warranted – Claimant contends that the affidavit it provided in response to the motion to strike demonstrates that Charles Chase was a member of A&E, made no materially false statement, forfeiture was unwarranted, and that accordingly, summary judgment is proper. (*Id.*) The Court disagrees.

The Government claims that it seized the aircraft properly under 49 U.S.C. § 46306 *et seq.* (Govt.'s Resp. Br., ECF No. 23 at Pg. ID 175; ECF No. 16 at Pg. ID 77.) The statute holds the following, in relevant part:

> **(d) Seizure and forfeiture.**
> **(1)** The Administrator of Drug Enforcement or the Commissioner of Customs may seize and forfeit under the customs laws an aircraft whose use is related to a violation of subsection (b) of this section, or to aid or facilitate a violation, regardless of whether a person is charged with the violation.
> **(2)** An aircraft's use is presumed to have been related to a violation of, or to aid or facilitate a violation of--
> **(C)** subsection (b)(4) of this section if--
> **(i)** the aircraft is registered to a false or fictitious person; or
> **(ii)** the application form used to obtain the aircraft certificate of registration contains a material false statement;

49 U.S.C. §§ 46306(d)(2)(C)(i) and (ii).

The Government claims that Charles Chase submitted specific documents to the FAA for registration of the aircraft on behalf of the FAA. (ECF No. 16 at Pg. ID 76–77.) The Government asserts that according to the Delaware Registry Limited Order Form ("Delaware Form") (ECF No. 16-2 at Pg. ID 92), Steven and Erica Plomaritis are listed as the members of A&E, and that despite this being so, in an effort to register the aircraft for A&E, Charles Chase listed himself as a

4

member on each of the following forms submitted to the FAA: (1) an Aircraft Registration Application 8050-1 (ECF No. 16-4); (2) a "Statement in support of registration of a United States Civil Aircraft in the name of a limited liability company" (ECF No. 16-5); and (3) an 8130-6 Application for U.S. Airworthiness Certificate Form (ECF No. 16-6). (ECF No. 16 at Pg. ID 76–77.) The Government asserts that in listing himself as a member on forms submitted to the FAA on behalf of A&E, Charles Chase made materially false statements warranting forfeiture of the Aircraft. (*Id.* at Pg. Id. 77.)

In response to this assertion, Claimant argues that the Delaware Form lists Steven and Erica Plomaritis as the initial members of A&E; and that Delaware requires no further filings should additional members be added in the future. (ECF No. 17 at Pg. ID 143.) Claimant then filed an affidavit from Steven Plomaritis in which Mr. Plomaritis states the following:

> After our initial filing with A&E Leasing, LLC, with the State of Delaware, but before the purchase of the [a]ircraft, Charles Chase was made a member of A&E Leasing, LLC, so that he could handle the paperwork transactions in obtaining the Piper Cheyenne.

(Steven Plomaritis Aff., ECF No. 18 at Pg. ID 151.)

Claimant asserts that this Affidavit supports the assertion that at the time Charles Chase submitted the documentation to the FAA on behalf of A&E, Charles Chase was a member of A&E, and thus, no materially false statements were made when submitting the documents. (Claimant's Mot., ECF No. 22 at Pg. ID 166.)

5

Claimant further contends that accordingly, it properly owns the aircraft and that forfeiture was not warranted. (*Id.* at Pg. ID 164–65.)

The Court finds that Claimant movant has failed to show that there is no genuine dispute as to any material fact and that it is entitled to judgment as a matter of law. Claimant has provided insufficient documentation for the Court to make a determination as to whether Charles Chase is a member of A&E and if he was a member of A&E at the time he submitted the documents to the FAA. Claimant has provided no official documentation from A&E demonstrating Charles Chase's change in status at the limited liability company, or any official documentation from the limited liability company that demonstrates the actual date said change in status occurred. This is significant, given that Charles Chase submitted the documents in support of the initial purchase and registration of the aircraft on behalf of A&E. Thus, if Charles Chase did in fact make materially false statements when filing documents with the FAA, forfeiture of the aircraft would have been warranted at the point in time Charles Chase submitted the documents to the FAA on behalf of A&E, and any sale thereafter would be requisitely void. Accordingly, there is a genuine dispute as to whether Claimant is an owner of the aircraft.

Accordingly, for the aforementioned reasons, Claimant's motion for

6

summary judgment (ECF No. 22) is **DENIED WITH PREJUDICE**.

    **IT IS SO ORDERED**.

                                                                               s/ Linda V. Parker
                                                                               LINDA V. PARKER
                                                                               U.S. DISTRICT JUDGE

Dated: March 31, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, March 31, 2016, by electronic and/or U.S. First Class mail.

                                                                               s/ Richard Loury
                                                                               Case Manager